UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>COLIN CHANDLER KAIPO,<br><br>      Debtor. | Case No. 07-01066<br>Chapter 13<br><br>Re: Docket No. 50 |

**MEMORANDUM OF DECISION ON OBJECTION TO CLAIM NO. 2**[1]

      This is a heartbreaking case of a kind which has become unfortunately common in recent years. The debtor took a mortgage loan at a high interest rate and with payments that consumed too much of his income. Health problems and injuries compounded his family's problems. He quickly fell into default and then sought chapter 13 relief to save his family home. In an effort to reduce the mortgage debt, the debtor has objected to the mortgagee's claim.

      The debtor's circumstances are compelling. The debtor has the burden, however, of establishing a legal defense to the lender's claim, and the debtor has failed to carry that burden.

      The debtor objects to the claim on two grounds.

      The debtor first alleges that the lender failed to provide to the debtor and his

---

[1] The court has not selected this decision for publication.

wife "a sufficient number of copies" of the Notice of Right to Cancel required by the Truth in Lending Act ("TILA"). Under 15 U.S.C. § 1635(a) and 12 C.F.R. § 225.23(b)(1), the debtor and his wife were each entitled to receive two copies of the notice. 15 U.S.C. § 1635(c) provides the lender with a rebuttable presumption that the correct number of copies were delivered if the consumer entitled to a copy of the notice signs a written acknowledgment of receipt. In this case, the presumption arises because the debtor and his wife signed such an acknowledgment (Exhibit "I"). The debtor did not offer any evidence to rebut the presumption, and the lender offered two witnesses who testified that the requisite copies were delivered.

The debtor next alleges that the lender violated the privacy rights of the debtor and his wife. In 2008, the lender sent a letter to the debtor (Exhibit "L"), in which the lender informed the debtor that an employee of the lender "may have sold unauthorized personal information about you to a third party." The debtor offered no evidence he had suffered any damage as a result of this incident. There is no basis to disallow the lender's claim at this point for this reason. (This ruling is without prejudice to the debtor's rights and claims if his personal information is misused in the future).

At the evidentiary hearing on the objection, the debtor presented other

U.S. Bankruptcy Court - Hawaii    #07-01066    Dkt # 170    Filed 09/21/10    Page 2 of 3

arguments against the claim.  Among others, the debtor argued that the lender knowingly made a loan which it knew the debtor could not afford.  The debtor did not offer any evidence (in contrast to argument) to support these contentions.  In any event, I will not rule on these other arguments because the debtor did not include them in the written objection and did not give the lender adequate notice of those arguments so the lender could mount an effective response.

    Accordingly, the objection to claim no. 2 is OVERRULED.

/s/ Robert J. Faris
United States Bankruptcy Judge
Dated: **09/21/2010**